## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**SUMMER CLEMENTS,**

   **Plaintiff,**

**vs.**             **CASE NO. 3:23-cv-325**

**OFFICER A.L. DZIERGOWSKI;**
**OFFICER A.E. RAINEY;**
**OFFICER J. BENSON;**
**UNNAMED OFFICERS;**
**And SHERIFF T.K. WATERS,**
**in official capacity as Sheriff of the**
**Jacksonville Sheriff's Office.**

   **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

   The Plaintiff, SUMMER CLEMENTS, sues the Defendants, OFFICER A.L. DZIERGOWSKI (DZIERGOWSKI), OFFICER A.E. RAINEY (RAINEY); OFFICER J. BENSON (BENSON), UNNAMED OFFICERS and SHERIFF T.K. WATERS (SHERIFF), and for her Complaint states:

## JURISDICTION AND VENUE

   1.  This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution.

   2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331

and 1343.

3.      Venue is proper in this district because it is where the events complained of occurred.

4.      This is an action for damages which exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

5.      The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

6.      Plaintiff has timely filed her Notice of Claim pursuant to §768.28, Fla. Stat. (2018), regarding the state tort claims against Defendants. The Defendants have rejected the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. §1983.

## PARTIES

7.      Plaintiff, SUMMER CLEMENTS, is a resident of Duval County, Florida and the United States of America.

8.      Defendant, OFFICER A.L. DZIERGOWSKI, was at all times relevant to this Complaint duly appointed and acting as an officer for the Jacksonville Sheriff's Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Jacksonville Sheriff's Department. Defendant, OFFICER A.L.

DZIERGOWSKI, is sued in his individual capacity.

9.     Defendant, OFFICER A.E. RAINEY, was at all times relevant to this Complaint duly appointed and acting as an officer for the Jacksonville Sheriff's Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Jacksonville Sheriff's Department. Defendant, OFFICER A.E. RAINEY, is sued in his individual capacity.

10.     Defendant, OFFICER J. BENSON, was at all times relevant to this Complaint duly appointed and acting as an officer for the Jacksonville Sheriff's Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Jacksonville Sheriff's Department. Defendant, OFFICER J. BENSON, is sued in his individual capacity.

11.     Defendant, UNNAMED OFFICERS, were at all times relevant to this Complaint duly appointed and acting as officers for the Jacksonville Sheriff's Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Jacksonville Sheriff's Department. Defendant, UNNAMED OFFICERS, are sued in their individual capacity.

12.     Defendant, SHERIFF T.K. WATERS, as Sheriff of the Jacksonville

Sheriff's Department, receives federal funds and by and through its officials, employees, and deputies is under a duty to run its policing activities in a lawful manner so as to preserve the peace to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

13.    Defendant, SHERIFF, does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts or omissions of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Section §768.28, Florida Statutes.

14.    Each and all of the acts of the Defendants, and other members of the Jacksonville Sheriff's Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the Jacksonville Sheriff's Department, under the color of law and by virtue of their authority as law enforcement officers for the Jacksonville Sheriff's Department. At all times, Defendants were engaged in conduct that was the proximate cause of the violations of Plaintiff's, SUMMER CLEMENTS, federally protected rights and state law rights, as more particularized herein.

## **FACTS GIVING RISE TO THIS CAUSE OF ACTION**

15.    On May 31, 2020, Ms. Clements exercised her right to assemble and

right to free speech and peacefully protested in Jacksonville, Duval County, Florida.

16.    After the protest, Ms. Clements and her friend, Mr. Michael Waweru, were walking toward N. Market Street having just passed Olio Restaurant, located at 301 B. Street.  They were headed towards their vehicle.

17.    As Ms. Clements continued to walk, there were officers from the Jacksonville Sheriff's Office who were standing on the sidewalk, blocking her way to her vehicle.

18.    One of the officers yelled out to her, "*If you want to act like a man, then get treated like one.*"

19.    Moments later Ms. Clements was abruptly and without provocation grabbed by a Jacksonville Sheriff's Officer, thrown against a brick wall and slammed to the ground, head and face first.

20.    At all times relevant to this Complaint Ms. Clements did not commit any crime, was not resisting arrest or attempting to flee from the officers.

21.    Ms. Clements was arrested and charged with 1) Unlawful Assembly and 2) Resisting an Officer without Violence.

22.    As a result of the arrest, Ms. Clements spent 3 days in jail.

23.    On June 12, 2020, the State Attorney's Office declined to prosecute Ms. Clements and her charges were dismissed.

24.    As a result of the excessive force, Ms. Clements suffered a large

laceration to her head, a concussion and a traumatic brain injury.

## COUNT I – SECTION 1983 FALSE ARREST
## CLAIM AGAINST OFFICER A.L. DZIERGOWSKI

25.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

26.    Plaintiff, SUMMER CLEMENTS, was unlawfully seized by Defendant, DZIERGOWSKI, through the intentional use of force and confinement, when Defendant unlawfully arrested Plaintiff on May 31, 2020.

27.    The seizure and arrest of Plaintiff, SUMMER CLEMENTS, without arguable probable cause violated Plaintiff's Fourteenth Amendment rights.

28.    The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

29.    A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

30.    The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

## COUNT II – SECTION 1983 FALSE ARREST
## CLAIM AGAINST OFFICER A.E. RAINEY

31.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

32.    Plaintiff, SUMMER CLEMENTS, was unlawfully seized by Defendant, RAINY, through the intentional use of force and confinement, when Defendant unlawfully arrested Plaintiff on May 31, 2020.

33.    The seizure and arrest of Plaintiff, SUMMER CLEMENTS, without arguable probable cause violated Plaintiff's Fourteenth Amendment rights.

34.    The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

35.    A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

36.    The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

## <u>COUNT III – SECTION 1983 FALSE ARREST</u>
## <u>CLAIM AGAINST OFFICER J. BENSON</u>

37.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

38.    Plaintiff, SUMMER CLEMENTS, was unlawfully seized by Defendant, BENSON, through the intentional use of force and confinement, when Defendant unlawfully arrested Plaintiff on May 31, 2020.

39.    The seizure and arrest of Plaintiff, SUMMER CLEMENTS, without arguable probable cause violated Plaintiff's Fourteenth Amendment rights.

40.    The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

41.    A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

42.    The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

## COUNT IV – SECTION 1983 FALSE ARREST
## CLAIM AGAINST UNNAMED OFFICERS

43.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

44.    Plaintiff, SUMMER CLEMENTS, was unlawfully seized by Defendants, UNNAMED OFFICERS, through the intentional use of force and confinement, when Defendants unlawfully arrested Plaintiff on May 31, 2020.

45.    The seizure and arrest of Plaintiff, SUMMER CLEMENTS, without arguable probable cause violated Plaintiff's Fourteenth Amendment rights.

46.    The facts and circumstances within Defendants' knowledge, assuming they had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

47.    A reasonable officer in the same circumstances and possessing the same knowledge as Defendants could not have believed that probable cause existed to arrest Plaintiff.

48.    The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

## COUNT V – 42 U.S.C. § 1983 VIOLATION OF FREEDOM OF SPEECH AGAINST DEFENDANT, OFFICER A.L. DZIERGOWSKI

49.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

50.     Plaintiff, SUMMER CLEMENTS, was exercising her First Amendment right under the United States Constitution when she was peacefully protesting in Jacksonville, Duval County, Florida

51.     The peaceful protest was done in a reasonable time, at a reasonable place, and at a reasonable distance.

52.     The context of Plaintiff's statement addressed a public concern because Plaintiff was questioning public officials' ability to carry out their duty in a public location, and the statement concerned the interest of the community by enhancing the peaceful system of checks and balances that exists between the public and law enforcement officials through peaceful and reasonable monitoring and questioning of law enforcement's public behavior in the community.

53.     The statement made by Plaintiff was created peacefully, in a public place, in a manner that did not interfere with the ability of law enforcement to conduct their investigation.

54.     Plaintiff's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the statement incite an immediate breach of peace, nor did it interfere with law enforcement activity.

55.    Defendant, DZIERGOWSKI, failed to respect the First Amendment right of Plaintiff, SUMMER CLEMENTS, to question public servants carrying out a public duty in a public place.

56.    Defendant, DZIERGOWSKI's, retaliatory conduct and physical attack, of authorizing, encouraging, implementing, or otherwise in falsely arresting Plaintiff, SUMMER CLEMENTS, adversely affected Plaintiff's, SUMMER CLEMENTS, First Amendment Freedom of Speech, as she was no longer permitted to exercise her constitutional right and was in fact being punished for doing so.

57.    Defendant, DZIERGOWSKI's, actions of authorizing, encouraging, implementing, or otherwise initiating the false arrest of Plaintiff, SUMMER CLEMENTS, in response to constitutionally protected speech not only prevented Plaintiff from exercising her constitutional right, but would deter a person of ordinary firmness from exercising their First Amendment rights. A reasonable person would not want to be, nor expect to be, detained or incarcerated for exercising their First Amendment rights.

58.    The seizure and arrest of Plaintiff, SUMMER CLEMENTS, was without probable cause.

59.    Defendant, DZIERGOWSKI's, actions resulted in a violation of Plaintiff's, SUMMER CLEMENTS, First Amendment rights.

## COUNT VI – 42 U.S.C. § 1983 VIOLATION OF FREEDOM OF SPEECH AGAINST DEFENDANT, OFFICER A.E. RAINEY

60.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

61.     Plaintiff, SUMMER CLEMENTS, was exercising her First Amendment right under the United States Constitution when she was peacefully protesting in Jacksonville, Duval County, Florida

62.     The peaceful protest was done in a reasonable time, at a reasonable place, and at a reasonable distance.

63.     The context of Plaintiff's statement addressed a public concern because Plaintiff was questioning public officials' ability to carry out their duty in a public location, and the statement concerned the interest of the community by enhancing the peaceful system of checks and balances that exists between the public and law enforcement officials through peaceful and reasonable monitoring and questioning of law enforcement's public behavior in the community.

64.     The statement made by Plaintiff was created peacefully, in a public place, in a manner that did not interfere with the ability of law enforcement to conduct their investigation.

65.     Plaintiff's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the statement incite an immediate breech of peace, nor did it interfere with law enforcement activity.

66.     Defendant, RAINEY, failed to respect the First Amendment right of Plaintiff, SUMMER CLEMENTS, to question public servants carrying out a public duty in a public place.

67.     Defendant, RAINEY's, retaliatory conduct and physical attack, of authorizing, encouraging, implementing, or otherwise in falsely arresting Plaintiff, SUMMER CLEMENTS, adversely affected Plaintiff's, SUMMER CLEMENTS, First Amendment Freedom of Speech, as she was no longer permitted to exercise her constitutional right and was in fact being punished for doing so.

68.     Defendant, RAINEY's, actions of authorizing, encouraging, implementing, or otherwise initiating the false arrest of Plaintiff, SUMMER CLEMENTS, in response to constitutionally protected speech not only prevented Plaintiff from exercising her constitutional right, but would deter a person of ordinary firmness from exercising their First Amendment rights. A reasonable person would not want to be, nor expect to be, detained or incarcerated for exercising their First Amendment rights.

69.     The seizure and arrest of Plaintiff, SUMMER CLEMENTS, was without probable cause.

70.     Defendant, RAINEY's, actions resulted in a violation of Plaintiff's, SUMMER CLEMENTS, First Amendment rights.

## <u>COUNT VII – 42 U.S.C. § 1983 VIOLATION OF FREEDOM OF SPEECH AGAINST DEFENDANT, OFFICER J. BENSON</u>

71.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

72.    Plaintiff, SUMMER CLEMENTS, was exercising her First Amendment right under the United States Constitution when she was peacefully protesting in Jacksonville, Duval County, Florida

73.    The peaceful protest was done in a reasonable time, at a reasonable place, and at a reasonable distance.

74.    The context of Plaintiff's statement addressed a public concern because Plaintiff was questioning public officials' ability to carry out their duty in a public location, and the statement concerned the interest of the community by enhancing the peaceful system of checks and balances that exists between the public and law enforcement officials through peaceful and reasonable monitoring and questioning of law enforcement's public behavior in the community.

75.    The statement made by Plaintiff was created peacefully, in a public place, in a manner that did not interfere with the ability of law enforcement to conduct their investigation.

76.    Plaintiff's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the statement incite an immediate breach of peace, nor did it interfere with law enforcement activity.

77.    Defendant, BENSON, failed to respect the First Amendment right of Plaintiff, SUMMER CLEMENTS, to question public servants carrying out a public duty in a public place.

78.    Defendant, BENSON's, retaliatory conduct and physical attack, of authorizing, encouraging, implementing, or otherwise in falsely arresting Plaintiff, SUMMER CLEMENTS, adversely affected Plaintiff's, SUMMER CLEMENTS, First Amendment Freedom of Speech, as she was no longer permitted to exercise her constitutional right and was in fact being punished for doing so.

79.    Defendant, BENSON's, actions of authorizing, encouraging, implementing, or otherwise initiating the false arrest of Plaintiff, SUMMER CLEMENTS, in response to constitutionally protected speech not only prevented Plaintiff from exercising her constitutional right, but would deter a person of ordinary firmness from exercising their First Amendment rights. A reasonable person would not want to be, nor expect to be, detained or incarcerated for exercising their First Amendment rights.

80.    The seizure and arrest of Plaintiff, SUMMER CLEMENTS, was without probable cause.

81.    Defendant, BENSON's, actions resulted in a violation of Plaintiff's, SUMMER CLEMENTS, First Amendment rights.

## COUNT VIII – 42 U.S.C. § 1983 VIOLATION OF FREEDOM OF SPEECH AGAINST DEFENDANT, UNNAMED OFFICERS

82.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

83.    Plaintiff, SUMMER CLEMENTS, was exercising her First Amendment right under the United States Constitution when she was peacefully protesting in Jacksonville, Duval County, Florida

84.    The peaceful protest was done in a reasonable time, at a reasonable place, and at a reasonable distance.

85.    The context of Plaintiff's statement addressed a public concern because Plaintiff was questioning public officials' ability to carry out their duty in a public location, and the statement concerned the interest of the community by enhancing the peaceful system of checks and balances that exists between the public and law enforcement officials through peaceful and reasonable monitoring and questioning of law enforcement's public behavior in the community.

86.    The statement made by Plaintiff was created peacefully, in a public place, in a manner that did not interfere with the ability of law enforcement to conduct their investigation.

87.    Plaintiff's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the statement incite an immediate breach of peace, nor did it interfere with law enforcement activity.

88.    Defendant, UNNAMED OFFICERS, failed to respect the First Amendment right of Plaintiff, SUMMER CLEMENTS, to question public servants carrying out a public duty in a public place.

89.    Defendant, UNNAMED OFFICERS', retaliatory conduct and physical attack, of authorizing, encouraging, implementing, or otherwise in falsely arresting Plaintiff, SUMMER CLEMENTS, adversely affected Plaintiff's, SUMMER CLEMENTS, First Amendment Freedom of Speech, as she was no longer permitted to exercise her constitutional right and was in fact being punished for doing so.

90.    Defendant, UNNAMED OFFICERS', actions of authorizing, encouraging, implementing, or otherwise initiating the false arrest of Plaintiff, SUMMER CLEMENTS, in response to constitutionally protected speech not only prevented Plaintiff from exercising her constitutional right, but would deter a person of ordinary firmness from exercising their First Amendment rights. A reasonable person would not want to be, nor expect to be, detained or incarcerated for exercising their First Amendment rights.

91.    The seizure and arrest of Plaintiff, SUMMER CLEMENTS, was without probable cause.

92.    Defendant, UNNAMED OFFICERS', actions resulted in a violation of Plaintiff's, SUMMER CLEMENTS, First Amendment rights.

## COUNT IX – 42 U.S.C. § 1983 EXCESSIVE FORCE AGAINST DEFENDANT, OFFICER A.L. DZIERGOWSKI

93.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

94.    Defendant DZIERGOWSKI, under color of law, did intentionally touch or strike Plaintiff when he grabbed Plaintiff, threw her against a brick wall and slammed her to the ground, head and face first.

95.    Plaintiff was not resisting Defendant DZIERGOWSKI's actions.

96.    The level of force used was objectively unreasonable and constitutes a violation of Plaintiff's Fourteenth Amendment rights.

97.    Defendant DZIERGOWSKI's, use of excessive force was unnecessary because Plaintiff did not commit any crime, posed no threat to any officers and was not resisting or fleeing any officers at the time the force was used.

98.    Defendant DZIERGOWSKI failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer.

99.    Defendant, DZIERGOWSKI's use of force upon Plaintiff was an objectively unreasonable use of force given the totality of the circumstances. His use of force was disproportionate to any claimed need to use force.

100.    As a direct and proximate result of violating Plaintiff's rights, Plaintiff suffered damages including bodily injury and resulting pain and suffering,

disfigurement, mental anguish, shock and fear of imminent violent harm, loss of capacity for the enjoyment of life, expense of medical treatment, loss of earnings, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

## COUNT X – 42 U.S.C. § 1983 EXCESSIVE FORCE AGAINST DEFENDANT, OFFICER A.E. RAINEY

101.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

102.   Defendant RAINEY, under color of law, did intentionally touch or strike Plaintiff when he grabbed Plaintiff, threw her against a brick wall and slammed her to the ground, head and face first.

103.   Plaintiff was not resisting Defendant RAINEY's actions.

104.   The level of force used was objectively unreasonable and constitutes a violation of Plaintiff's Fourteenth Amendment rights.

105.   Defendant RAINEY's, use of excessive force was unnecessary because Plaintiff did not commit any crime, posed no threat to any officers and was not resisting or fleeing any officers at the time the force was used.

106.   Defendant RAINEY failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer.

107.   Defendant, RAINEY's use of force upon Plaintiff was an objectively unreasonable use of force given the totality of the circumstances. His use of force

was disproportionate to any claimed need to use force.

108.   As a direct and proximate result of violating Plaintiff's rights, Plaintiff suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent harm, loss of capacity for the enjoyment of life, expense of medical treatment, loss of earnings, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

## COUNT XI – 42 U.S.C. § 1983 EXCESSIVE FORCE AGAINST DEFENDANT, OFFICER J. BENSON

109.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

110.   Defendant BENSON, under color of law, did intentionally touch or strike Plaintiff when he grabbed Plaintiff, threw her against a brick wall and slammed her to the ground, head and face first.

111.   Plaintiff was not resisting Defendant BENSON 's actions.

112.   The level of force used was objectively unreasonable and constitutes a violation of Plaintiff's Fourteenth Amendment rights.

113.   Defendant BENSON's, use of excessive force was unnecessary because Plaintiff did not commit any crime, posed no threat to any officers and was not resisting or fleeing any officers at the time the force was used.

114.   Defendant BENSON failed to adequately assess the scene and

circumstances for the use of force and in doing so failed to act as a reasonable officer.

115.   Defendant, BENSON's use of force upon Plaintiff was an objectively unreasonable use of force given the totality of the circumstances. His use of force was disproportionate to any claimed need to use force.

116.   As a direct and proximate result of violating Plaintiff's rights, Plaintiff suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent harm, loss of capacity for the enjoyment of life, expense of medical treatment, loss of earnings, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

## COUNT XII – 42 U.S.C. § 1983 EXCESSIVE FORCE AGAINST DEFENDANT, UNNAMED OFFICERS

117.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

118.   Defendant UNNAMED OFFICERS, under color of law, did intentionally touch or strike Plaintiff when they grabbed Plaintiff, threw her against a brick wall and slammed her to the ground, head and face first.

119.   Plaintiff was not resisting Defendants' actions.

120.   The level of force used was objectively unreasonable and constitutes a violation of Plaintiff's Fourteenth Amendment rights.

121.   Defendants' use of excessive force was unnecessary because Plaintiff

did not commit any crime, posed no threat to any officers and was not resisting or fleeing any officers at the time the force was used.

122.   Defendants failed to adequately assess the scene and circumstances for the use of force and in doing so failed to act as a reasonable officer.

123.   Defendants' use of force upon Plaintiff was an objectively unreasonable use of force given the totality of the circumstances. Their use of force was disproportionate to any claimed need to use force.

124.   As a direct and proximate result of violating Plaintiff's rights, Plaintiff suffered damages including bodily injury and resulting pain and suffering, disfigurement, mental anguish, shock and fear of imminent violent harm, loss of capacity for the enjoyment of life, expense of medical treatment, loss of earnings, which losses are in whole or in part permanent and continuing in nature and plaintiff will suffer future damages as a result.

## COUNT XIII – 42 U.S.C. § 1983 FAILURE TO PROTECT AGAINST DEFENDANT, A.L. DZIERGOWSKI

125.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 24.

126.   Defendant, DZIERGOWSKI, in failing to prevent the excessive force and unlawful arrest of Plaintiff when he was in a time and place when he could have done so deprived Plaintiff of her constitutional rights under Fourteenth Amendment of the Constitution of the United States.

127.    Defendant, DZIERGOWSKI, was present for the duration of the use of force and detention of Plaintiff and was aware there was not even arguable probable cause to arrest Plaintiff.

128.    As a direct and proximate result of the conduct of Defendant, DZIERGOWSKI, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT XIV – 42 U.S.C. § 1983 FAILURE TO PROTECT AGAINST DEFENDANT, OFFICER A.E. RAINEY

129.    The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 24.

130.    Defendant, RAINEY, in failing to prevent the excessive force and unlawful arrest of Plaintiff when he was in a time and place when he could have done so deprived Plaintiff of her constitutional rights under Fourteenth Amendment of the Constitution of the United States.

131.    Defendant, RAINEY, was present for the duration of the use of force and detention of Plaintiff and was aware there was not even arguable probable cause to arrest Plaintiff.

132.   As a direct and proximate result of the conduct of Defendant, RAINEY, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

### COUNT XV – 42 U.S.C. § 1983 FAILURE TO PROTECT AGAINST DEFENDANT, OFFICER J. BENSON

133.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 24.

134.   Defendant, BENSON, in failing to prevent the excessive force and unlawful arrest of Plaintiff when he was in a time and place when he could have done so deprived Plaintiff of her constitutional rights under Fourteenth Amendment of the Constitution of the United States.

135.   Defendant, BENSON, was present for the duration of the use of force and detention of Plaintiff and was aware there was not even arguable probable cause to arrest Plaintiff.

136.   As a direct and proximate result of the conduct of Defendant, BENSON, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT XVI – 42 U.S.C. § 1983 FAILURE TO PROTECT AGAINST DEFENDANT, UNNAMED OFFICERS

137.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 24.

138.   Defendants, UNNAMED OFFICERS, in failing to prevent the unlawful arrest of Plaintiff when they were in a time and place when they could have done so deprived Plaintiff of her constitutional rights under Fourteenth Amendment of the Constitution of the United States.

139.   Defendants were present for the duration of the detention of Plaintiff and were aware there was not even arguable probable cause to arrest Plaintiff.

140.   As a direct and proximate result of the conduct of Defendants, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

**STATE LAW CLAIMS**

**COUNT XVII FALSE ARREST – DEFENDANT, SHERIFF T.K. WATERS, IN HIS OFFICIAL CAPACITY**

141.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 24.

142.   Defendant, DZIERGOWSKI's, actions in holding Plaintiff against her will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, SHERIFF WATERS.

143.   The Defendant, DZIERGOWSKI, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

144.   The actions of Defendant, DZIERGOWSKI, as described in paragraphs 1-24 of the Complaint were performed in the course and scope of his employment with the Jacksonville Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

145.   As a direct and proximate result of the acts of Defendant, DZIERGOWSKI, Plaintiff was detained, confined in the Duval County Jail and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of

employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

146.   Defendant, DZIERGOWSKI, conduct is actionable against Defendant, SHERIFF WATERS, pursuant to §768.28, Fla. Stat. (2013).

## COUNT XVIII FALSE ARREST – DEFENDANT, SHERIFF T.K. WATERS IN HIS OFFICIAL CAPACITY

147.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 24.

148.   Defendant, RAINEY's, actions in holding Plaintiff against her will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, SHERIFF WATERS.

149.   The Defendant, RAINEY, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

150.   The actions of Defendant, RAINEY, as described in paragraphs 1-24 of the Complaint were performed in the course and scope of his employment with the Jacksonville Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

151.   As a direct and proximate result of the acts of Defendant, RAINEY, Plaintiff was detained, confined in the Duval County Jail and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

152.   Defendant, RAINEY, conduct is actionable against Defendant, SHERIFF WATERS, pursuant to §768.28, Fla. Stat. (2013).

## COUNT XIX FALSE ARREST – DEFENDANT, SHERIFF WATERS WILLIAMS, IN HIS OFFICIAL CAPACITY

153.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 24.

154.   Defendant, BENSON's, actions in holding Plaintiff against her will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, SHERIFF WATERS.

155.   The Defendant, BENSON, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

156.   The actions of Defendant, BENSON, as described in paragraphs 1-24 of the Complaint were performed in the course and scope of his employment with the Jacksonville Sheriff's Department and without bad faith, malicious purpose and

not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

157.  As a direct and proximate result of the acts of Defendant, BENSON, Plaintiff was detained, confined in the Duval County Jail and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

158.  Defendant, BENSON, conduct is actionable against Defendant, SHERIFF WATERS, pursuant to § 768.28, <u>Fla. Stat.</u> (2013).

## <u>COUNT XX FALSE ARREST – DEFENDANT, T.K. WATERS, IN HIS OFFICIAL CAPACITY</u>

159.  The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 24.

160.  Defendant, UNNAMED OFFICERS, actions in holding Plaintiff against her will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, SHERIFF WATERS.

161.  The Defendants knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

162.  The actions of Defendants as described in paragraphs 1-24 of the Complaint were performed in the course and scope of their employment with the

Jacksonville Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

163.   As a direct and proximate result of the acts of Defendants, Plaintiff was detained, confined in the Duval County Jail and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

164.  Defendants conduct is actionable against Defendant, SHERIFF WATERS, pursuant to § 768.28, Fla. Stat. (2013).

## COUNT XXI BATTERY– DEFENDANT, SHERIFF T.K. WATERS, IN HIS OFFICIAL CAPACITY

165.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

166.   Defendant, DZIERGOWSKI, battered Plaintiff which is actionable against Defendant, SHERIFF, in its employer capacity, pursuant to §768.28, Fla. Stat. (2013).

167.   The use of force by Defendant, DZIERGOWSKI, was excessive and objectively unreasonable under the circumstances and resulted, as Defendant, DZIERGOWSKI, should have foreseen, in a harmful and offensive contact of Plaintiff, against her will.

168.    The battery/unnecessary force by Defendant, DZIERGOWSKI, against Plaintiff occurred during the course and scope of his employment as a deputy for the Jacksonville Sheriff's Office and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

169.    Upon information and belief, Defendant, DZIERGOWSKI was employed by SHERIFF and was acting in the course and scope of his employment at the time of the arrest. Defendant, DZIERGOWSKI was in police uniform during this encounter and effectuating an arrest.

170.    The actions of Defendant, DZIERGOWSKI, constituted nonconsensual touch or strike battery causing injury to Plaintiff in violation of Florida law.

171.    As a direct and proximate result of the acts, omissions, and conduct of the Defendant, DZIERGOWSKI, the Plaintiff suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life and lost wages. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

## COUNT XXII BATTERY– DEFENDANT, T.K.WATERS, IN HIS OFFICIAL CAPACITY

172.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

173.  Defendant, RAINEY, battered Plaintiff which is actionable against Defendant, SHERIFF, in its employer capacity, pursuant to §768.28, Fla. Stat. (2013).

174.  The use of force by Defendant, RAINEY, was excessive and objectively unreasonable under the circumstances and resulted, as Defendant, RAINEY, should have foreseen, in a harmful and offensive contact of Plaintiff, against her will.

175.  The battery/unnecessary force by Defendant, RAINEY, against Plaintiff occurred during the course and scope of his employment as a deputy for the Jacksonville Sheriff's Office and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

176.  Upon information and belief, Defendant, RAINEY was employed by SHERIFF and was acting in the course and scope of his employment at the time of the arrest. Defendant, RAINEY was  in police uniform during this encounter and effectuating an arrest.

177.  The actions of Defendant, RAINEY, constituted nonconsensual touch or strike battery causing injury to Plaintiff in violation of Florida law.

178.  As a direct and proximate result of the acts, omissions, and conduct of the Defendant, RAINEY, the Plaintiff suffered from bodily injury and resulting pain

and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life and lost wages. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

## COUNT XXIII BATTERY– DEFENDANT, SHERIFF T.K. WATERS, IN HIS OFFICIAL CAPACITY

179.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

180.   Defendant, BENSON, battered Plaintiff which is actionable against Defendant, SHERIFF, in its employer capacity, pursuant to §768.28, Fla. Stat. (2013).

181.   The use of force by Defendant, BENSON, was excessive and objectively unreasonable under the circumstances and resulted, as Defendant, BENSON, should have foreseen, in a harmful and offensive contact of Plaintiff, against her will.

182.   The battery/unnecessary force by Defendant, BENSON, against Plaintiff occurred during the course and scope of his employment as a deputy for the Jacksonville Sheriff's Office and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

183.   Upon information and belief, Defendant, BENSON was employed by SHERIFF and was acting in the course and scope of his employment at the time of

the arrest. Defendant, BENSON was in police uniform during this encounter and effectuating an arrest.

184.   The actions of Defendant, BENSON, constituted nonconsensual touch or strike battery causing injury to Plaintiff in violation of Florida law.

185.   As a direct and proximate result of the acts, omissions, and conduct of the Defendant, BENSON, the Plaintiff suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life and lost wages. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

## COUNT XXIV BATTERY– DEFENDANT, SHERIFF T.K. WATERS, IN HIS OFFICIAL CAPACITY

186.  Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 24 above, and further alleges:

187.  Defendants, UNNAMED OFFICERS, battered Plaintiff which is actionable against Defendant, SHERIFF, in its employer capacity, pursuant to §768.28, Fla. Stat. (2013).

188.  The use of force by Defendants was excessive and objectively unreasonable under the circumstances and resulted, as Defendants should have foreseen, in a harmful and offensive contact of Plaintiff, against her will.

189.   The battery/unnecessary force by Defendants against Plaintiff occurred during the course and scope of their employment as officers for the Jacksonville

Sheriff's Office and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

190.  Upon information and belief, Defendants were employed by SHERIFF and was acting in the course and scope of their employment at the time of the arrest. Defendants were in police uniform during this encounter and effectuating an arrest.

191.  The actions of Defendants constituted nonconsensual touch or strike battery causing injury to Plaintiff in violation of Florida law.

192.  As a direct and proximate result of the acts, omissions, and conduct of the Defendants the Plaintiff suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life and lost wages. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

## **DAMAGES**

193.  Plaintiff incorporates each and every previous allegation set forth in the general allegations as if fully set forth herein.

194.  As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff, SUMMER CLEMENTS', constitutional rights were violated, and she suffered injuries and damages.  Plaintiff seeks recovery from the Defendants of all damages to which she may be entitled under federal law

and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

a.   Emotional Pain and Suffering of a past, present and future nature;

b.   Physical Pain and Suffering of a past, present and future nature;

c.   Medical Expenses of a past and future nature;

d.   Loss of Enjoyment of Life of a past, present and future nature;

e.   Loss of Employment;

f.   Lost Wages

g.   Punitive damages for Count I-XVI;

h.   Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

i.   Statutory and Discretionary Costs;

j.   Attorney's fees where permitted by 42 USC § 1988 or other statutes;

k.   All such further relief, both general and specific, to which she may be entitled under the premises.

## REQUEST FOR JURY TRIAL

Plaintiff, SUMMER CLEMENTS, requests a trial by jury on all issues so triable.

MICHAEL P. MADDUX, P.A.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail:
mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com

Belkis Plata B.C.S.
Florida Bar No. 85198
Shannon Schott B.C.S.
Florida Bar No.: 85380
4411 Sunbeam Rd #23519
Jacksonville, FL 32241
Phone:  904.619.5244
Fax:     904.485.8805
Email: Belkis@plataschott.com
Email: Shannon@plataschott.com
Attorneys for the Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 21st day of March 2023, I electronically

filed the foregoing with the Clerk of Court by using the CM/ECF system.

**MICHAEL P. MADDUX, P.A.**

*s/ Michael P. Maddux*
Michael P. Maddux, Esquire